**In re MERCEDES V.**

**No. 2001–66–Appeal.**

Supreme Court of Rhode Island.

Dec. 20, 2001.

Frank P. Iacono, Jr.; Thomas J. Corrigan, Jr., Providence.

Janice M. Weisfeld, Paula Rosin, Providence.

**O R D E R**

This case came before the Court on December 10, 2001, pursuant to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. The respondent-father, Juan Rivera (father), appeals from a Family Court decree terminating his parental rights to his daughter, Mercedes V., born May 28, 1999.[1] After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time. The facts pertinent to this appeal are as follows.

Mercedes' mother admitted using heroin during her pregnancy. Predictably, on the day of her birth, a blood test confirmed that opiates and marijuana were present in Mercedes' blood. The Department of Children, Youth, and Families (DCYF) gained temporary custody of Mercedes to ensure that she received appropriate medical treatment. Mercedes was hospitalized for a month and was then placed in non-relative foster care while DCYF attempted to assist her parents.

At the time of Mercedes' birth, the father was incarcerated at the Adult Correctional Institutions (ACI) for various drug offenses. In June 1999, a DCYF caseworker attempted to contact the father at the ACI to inform him of the birth and suggest they establish a case plan. The father did not respond. In a second attempt, the caseworker visited the father at the ACI. A visitation schedule was established. From July 1999 to December 1999, Mercedes visited regularly with her father. However, once the father was released, he failed to contact the caseworker and could not be found.

Five months later, the caseworker learned that the father had returned to the ACI after being convicted of drug possession, which carried a fifteen-year sentence. The father had been sentenced to serve four years at the ACI, with eleven years suspended. Although the caseworker reestablished visitation, the father never attended or completed the recommended parenting class or substance abuse treatment programs.

Accordingly, DCYF filed a petition to terminate the father's parental rights which was granted by the Family Court on January 11, 2001. The father timely appealed.

"When considering a petition for the termination of parental rights, the Family Court must find by clear and convincing evidence that DCYF made reasonable efforts to reunite parent and child, and, that notwithstanding those efforts, the parent is unfit to care for the child." *In re Anthony M.*, 773 A.2d 878, 881 (R.I.2001) (citing *In*

---

1. The mother, Gerarda Velez (mother) and father had six other children in the care, custody, and control of DCYF. The mother's and father's rights to Mercedes' six brothers and sisters were terminated in October 2000 and February 2000, respectively. The mother's parental rights to Mercedes were terminated on September 29, 2000. The mother did not file an appeal.

*re Ryan S.*, 728 A.2d 454, 457 (R.I.1999)). "A trial justice's determinations with respect to a finding of unfitness will be accorded great weight and will not be overturned unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Id.* (citing *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989)).

In this case, the trial justice found by clear and convincing evidence that the father was an unfit parent to Mercedes for three reasons under G.L.1956 (1996 Reenactment) § 15–7–7.[2] We address each of these reasons *seriatim.*

In order to be considered unfit pursuant to § 15–7–7(a)(2)(i) it is required that the trial justice find that the "[i]nstitutionalization of the parent, including imprisonment, [is] of such a duration as to render it improbable for the parent to care for the child for an extended period of time." At the time of the termination hearing, the father had completed approximately six months of a four year sentence of imprisonment. The trial justice found that the four year sentence, with eleven years suspended, rendered it improbable that the father would be fit to care for Mercedes. The father argues that the trial justice failed to consider his parole eligibility, potentially scheduled for December 2001. However, the trial justice is not required to consider parole eligibility, he or she is only required to consider the probable duration of imprisonment at the time of the termination. In this case, if the father was not awarded parole, Mercedes would be five years old upon the father's release from the ACI.

The trial justice also found the father unfit pursuant to § 15–7–7(a)(3). At the time of the hearing, Mercedes had been in DCYF custody for at least twelve months. In fact, Mercedes had been in DCYF custody since birth. The father had not completed any available services to demonstrate his fitness as a parent. As previously mentioned, there was no substantial probability that Mercedes would have been able to return to the care of the father within a reasonable period of time. The father presented no evidence to demonstrate his ability to care for Mercedes.

Lastly, the trial justice found the father unfit under § 15–7–7(a)(2)(iv) because "the court has previously involuntarily terminated parental rights to another child of the father, and the father continues to lack the ability or willingness to respond to services which would rehabilitate the father, and * * * it is improbable that an additional period [of] services would result in reunification within a reasonable period of time, considering the child's age and the need for a permanent home." The father's rights to six other children were terminated. Again, the father never completed any parenting classes or treatment programs recommended by the caseworker. At the time of the termination, Mercedes resided in a pre-adoptive home with one of her biological sisters.

For these reasons, the trial justice determined that the father was unfit and that termination of parental rights was in Mercedes' best interest. The father has presented this Court with no evidence that the trial justice overlooked or misconceived material evidence.

Accordingly, the father's appeal is denied and dismissed. The decree of the Family Court is affirmed. The papers in the case are remanded to the Family Court.

---

2. The relevant statutory provisions are discussed as they existed at the time the termination petition was filed. The statute was amended, in part, on July 1, 2000.